```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
ISABEL M. AVILA,

                    Plaintiff,           15-cv-2456 (JGK)

        - against -                      MEMORANDUM OPINION AND
                                         ORDER
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Isabel M. Avila, brings this action to seek review of a final decision of the defendant, the Commissioner of Social Security (the "Commissioner"), that the plaintiff was not entitled to Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Social Security Act (the "Act"). On August 10, 2015, the Commissioner moved to dismiss the action as barred by the statute of limitations, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. The plaintiff failed to respond to the motion. On October 6, 2015, the Court issued an Order extending the time to respond and stating that the plaintiff must file a response by October 27, 2015, or risk having the action dismissed for failure to prosecute. The plaintiff filed no response.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all

reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss."  Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Kerik v. Tacopina, 64 F. Supp. 3d 542, 549-50 (S.D.N.Y. 2014).

   The Court has reviewed the motion to dismiss and finds that it should be granted.  It is well-established that the United States cannot be sued without its consent.  See, e.g., United States v. Navajo Nation, 556 U.S. 287, 289 (2009); Cnty. of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010).

   The United States has consented to judicial review of determinations of SSI benefits under certain conditions.  Title 42, § 1383(c)(3) provides in relevant part: "The final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review as provided in

section 405(g) of this title [relating to Disability Insurance Benefits] to the same extent as the Commissioner's final determinations under section 405 of this title." Section 405(g), in turn, provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[1]

The Code of Federal Regulations establishes the statute of limitations for filing a civil action pursuant to this exclusive remedy provision:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of . . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

---

[1] This case involves SSI benefits, but the procedure for the judicial review of the Commissioner's decision with respect to SSI benefits incorporates the provision of the Act relating to judicial review of the Commissioner's decision with respect to Disability Insurance Benefits ("DIB"). Therefore, decisions discussing the judicial review of the denial of SSI benefits or DIB can be used interchangeably. See e.g., Courtney v. Colvin, No. 13cv02884 (AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014), appeal dismissed, (May 6, 2014) (SSI statute of limitations case citing both DIB and SSI cases).

The 60-day limit "is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of N.Y., 476 U.S. 467, 479 (1986); see also Twumwaa v. Colvin, No. 13cv5858 (AT) (JLC), 2014 WL 1928381, at *2-3 (S.D.N.Y. May 14, 2014) (M.J. Cott), appeal dismissed, (Jan. 28, 2015).

In this case, following a court-ordered remand, see Avila v. Astrue, 933 F. Supp. 2d 640, 655 (S.D.N.Y. 2013), the ALJ denied the plaintiff's claim for SSI.  The ALJ issued a "Notice of Decision—Unfavorable," dated November 24, 2014, which was addressed to the plaintiff and her counsel.  See Nicoll Decl. ¶¶ 3(b)-(d); id. Ex. 5.  It is presumed that the plaintiff received the ALJ's decision five days after it was sent.  See 20 C.F.R. § 422.210(c).  There is no claim that the plaintiff failed to receive the decision by that date.

Accordingly, the plaintiff had 35 days from November 24, 2014 (i.e., until December 29, 2014) to file written exceptions or to request an extension of time to do so.  See id. § 416.1484(b)(1).  Neither the plaintiff nor her counsel did either by December 29, 2014.

Furthermore, the Appeals Council could have assumed jurisdiction on its own within 60 days of the date of the ALJ's decision, but it did not do so. See id. § 416.1484(c).

Instead, the plaintiff's counsel filed exceptions on January 14, 2015.  See Nicoll Decl. ¶ 3(d), Ex. 6.  This filing

4

occurred after the time period allowed by the regulations. See 20 C.F.R. § 416.1484(b)(1).

Therefore, on January 24, 2015, which was the sixty-first day after the date of the ALJ's decision, and because the Appeals Council had not assumed jurisdiction, the ALJ's decision became the final decision of the Commissioner after remand. See id. § 416.1484(d). The plaintiff had 60 days thereafter, or until March 25, 2015, to commence an action in federal court. See 42 U.S.C. § 405(g); 20 C.F.R. § 416.1484(d). However, the plaintiff did not file this action until March 30, 2015. See ECF Dkt. No. 2; Compl. at 1 (date stamp). This is a sufficient basis to dismiss this action. See, e.g., Courtney, 2014 WL 129051, at *2 (holding action untimely when it was filed four days late); Ware v. Astrue, No. 12cv3381 (JGK), 2013 WL 444766, at *1-2 (S.D.N.Y. Feb. 6, 2013) (holding action untimely when it was filed nine days late).

The plaintiff has made no showing that she is entitled to equitable tolling of the statute of limitations. The plaintiff's failure to respond to the motion to dismiss makes it impossible to determine whether there are any grounds for equitable tolling. This action is, therefore, untimely.

In any event, it is plain that the case should be dismissed for failure to prosecute. The plaintiff was warned that failure to respond to the motion to dismiss would be a basis to dismiss

the case.  The Court's October 6, 2015 Order, which extended the time to respond, stated: "The plaintiff shall file a response by **October 27, 2015.  The plaintiff is advised that failure to respond to the motion may be grounds for dismissal of this action for failure to prosecute, in which event the plaintiff will have no trial.**"  <u>See</u> Order, Oct. 6, 2015, ECF Dkt. No. 13 (emphasis in original).  The plaintiff never responded.

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995).  A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or non-compliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

<u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 63 (2d Cir. 2000).  "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b).  <u>United States ex rel. Drake v. Norden Sys.</u>, 375

F.3d 248, 254 (2d Cir. 2004); see also Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013).

The case will be dismissed for failure to prosecute.  Seven months have elapsed since the filing of the defendant's motion to dismiss.  See, e.g., Varney v. Batman, No. 08cv9702 (SHS), 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012) (holding a *pro se* plaintiff's failure to respond to order to show cause for three months warranted dismissal without prejudice).  Furthermore, the Court's October 6, 2015 order gave the plaintiff explicit notice that the failure to respond could result in dismissal for failure to prosecute.  See, e.g., Waters, 288 F.R.D. at 71 (dismissing for failure to prosecute where *pro se* plaintiff repeatedly failed to pay filing fee and had notice that such failure could result in dismissal).

The factors counsel dismissing the plaintiff's suit without prejudice.  First, any prejudice to the defendant has been minimal.  See, e.g., LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).  Second, balancing the plaintiff's due process rights against the Court's need for efficiency, the prejudice to the Court has been minimal.  See id. (holding that the fourth factor cuts against dismissal when the "plaintiff's failure to prosecute . . . was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court.").

7

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." Amoroso v. Cnty. of Suffolk, No. 08cv0826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). The sanction of dismissal without prejudice also complies with the fifth factor, consideration of the efficacy of lesser sanctions. See Waters, 288 F.R.D. at 71-72.  In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted.

**CONCLUSION**

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the reasons explained above, the Court dismisses the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  The Clerk is directed to enter judgment dismissing this case and to close all pending motions.
**SO ORDERED.**

**Dated:    New York, New York
           April 18, 2016              _____/s/_____
                                          John G. Koeltl
                                     United States District Judge**